# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DONNAVAN M. WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:24-cv-00888 |
| | ) |
| BREANA COPELAND, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Donnavan Woods, an inmate of the Rutherford County Adult Detention Center, filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2). Plaintiff then filed two supplemental pleadings (Doc. Nos. 5 and 6) and two motions. (Doc. Nos. 7 and 8). Plaintiff's first motion seeks an order directing the Rutherford County Circuit Court Clerk to produce transcripts. (Doc. No. 7). His second motion seeks leave to amend his Complaint to name the State of Tennessee as a defendant and to clarify his "list of claims." (Doc. No. 8).

This case is before the Court for ruling on Plaintiff's IFP application and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application

that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

**A. Legal Standard**

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

**B. Allegations and Claims**

The Complaint asserts violations of the Fourth Amendment to the U.S. Constitution (and Article I, sections 7, 8, and 15 of the Tennessee Constitution) arising from Plaintiff's arrest without probable cause and subsequent imprisonment by Rutherford County Sheriff's deputies Breana Copeland and Michael Parsons. (Doc. No. 1 at 2, 5). In his Motion to Amend (Doc. No. 8), Plaintiff appears to seek to add a claim of malicious prosecution, but the claims of the Complaint are rooted in his allegedly unlawful arrest in "case # 86502," which occurred on August 19, 2021; Plaintiff claims that he has been "unlawfully incarcerated" ever since. (Doc. No. 1 at 5). He asks the Court

3

Case 3:24-cv-00888    Document 9    Filed 08/11/25    Page 3 of 7 PageID #: 68

to award 1.2 million dollars as compensation for his injuries and "security for [his] family." (Id. at 6).

Attached to the Complaint is a copy of a motion to suppress based on the allegedly unlawful arrest, filed by Plaintiff's defense counsel in the Rutherford County criminal case in February 2024. (Doc. No. 1-1). Plaintiff's supplemental pleadings seek to introduce other motions filed by his defense attorney in state court (Doc. No. 5) as well as the April 2024 Order of Rutherford County Circuit Court Judge Barry R. Tidwell denying the February 2024 motion to suppress (with attached documents related to the arrest). (Doc. No. 6).

## C. Analysis

"The Fourth Amendment prohibits both unreasonable searches and unreasonable seizures[.]" United States v. Jeffers, 342 U.S. 48, 51 (1951). The Court construes the Complaint before it to assert Fourth Amendment claims of unreasonable seizure, in the form of Plaintiff's false arrest and false imprisonment in 2021. Claims for false arrest/imprisonment accrue, at the latest, when detention without a warrant or other legal process (such as an arraignment or preliminary hearing) ends. See Wallace v. Kato, 549 U.S. 384, 388–90 (2007) (finding that false arrest "is a species of" false imprisonment, and that the plaintiff's longer period of false imprisonment ended "when legal process was initiated against him, and the statute would have begun to run from that date"). "From that point on, a plaintiff relying on the law of torts to challenge any continuing detention must assert a malicious-prosecution claim." Dibrell v. City of Knoxville, Tennessee, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting Wallace, 549 U.S. at 390) (internal quotation marks omitted).

Plaintiff's challenge to his arrest and detention without legal process accrued, at the latest, in early 2022. He was arrested in August 2021, and was first arraigned in Rutherford County

4

Circuit Court, case number 75CC1-2021-CR-86502, in January 2022.[2] The applicable statute of limitations began to run on his Fourth Amendment claims at that point, and the Complaint was not filed until July 2024.

"Although the statute of limitations is an affirmative defense that a plaintiff ordinarily need not plead to state a claim, dismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" Wershe v. City of Detroit, Michigan, 112 F.4th 357, 364 (6th Cir. 2024) (citing Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers, 86 F.4th 1168, 1178 (6th Cir. 2023)). No statute of limitations expressly applies to claims under Section 1983, which instead "borrow the personal-injury statute of limitations from the state in which the claim arose." Id. at 365 (quoting Zappone v. United States, 870 F.3d 551, 559 (6th Cir. 2017)). In Tennessee, the applicable limitations period is one year. Dibrell, 984 F.3d at 1161 (citing Tenn. Code Ann. § 28-3-104(a)(1)). In this case, that one-year period expired in early 2023. Thus, the July 2024 filing of this action for false arrest/imprisonment under the Fourth Amendment was plainly untimely.

Although Plaintiff's Motion to Amend contains the bare assertion of "malice prosecution" (Doc. No. 8 at 1), it does not attach a proposed Amended Complaint as required by Local Rule 15.01(a)(1). Even if a claim of malicious prosecution were properly asserted in Plaintiff's pleadings, "such a claim does not accrue at the time the prosecution is initiated, but only when the prosecution terminates in the claimant's favor." Shuler v. Weeks, No. 3:23-CV-00458, 2023 WL 5917389, at *3 (M.D. Tenn. Sept. 11, 2023) (citing McDonough v. Smith, 139 S. Ct. 2149 (2019));

---

[2] The Court takes judicial notice of the Rutherford County Circuit Court website, which reflects that Plaintiff first appeared for arraignment on the charges in this case on January 7, 2022. See https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=99F27BA3-3308-4BCB-8E04-4DB5689EBEF6&dsid=23e44664 (last visited Aug. 8, 2025); see also Lynch v. Leis, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (noting that judicial notice is properly taken of "court records [that] are available online to members of the public") (citation omitted).

see King v. Harwood, 852 F.3d 568, 578–79 (6th Cir. 2017) (noting that, because favorable termination is an element of a malicious prosecution claim, such a claim "is not available before the favorable termination of criminal proceedings"). Because there is no indication that the criminal proceedings against Plaintiff have yet terminated in his favor, he could not at this time maintain a viable Section 1983 claim for malicious prosecution, even if properly pled. For these reasons, the Court does not construe Plaintiff's pleadings to include any claim of malicious prosecution.

Finally, the Complaint asserts that Defendants' conduct in violation of the U.S. Constitution also violated Article I, Sections 7, 8, and 15 of the Tennessee Constitution.[3] (Doc. No. 1 at 5). Even if they were timely, these sparsely stated state law claims for damages could not be pursued, as "there is no such thing as a private cause of action for damages under the Tennessee Constitution." Accord v. Anderson Cnty., No. 3:21-CV-00077, 2022 WL 610826, at *1 (M.D. Tenn. Mar. 1, 2022), aff'd sub nom. Accord v. Anderson Cnty., Tennessee, No. 22-5206, 2022 WL 16825411 (6th Cir. Nov. 8, 2022) (citing Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996) ("Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution."); Arbuckle v. City of Chattanooga, 696 F. Supp. 2d 907, 932 (E.D. Tenn. 2010) (dismissing state constitutional claims that are "identical in intent and purpose with the Fourth Amendment" because "there is no private right of action for damages based on alleged violations of the Tennessee Constitution")). Accordingly, Plaintiff's damages claims under the Tennessee Constitution, even if timely, are not viable.

---

[3] Section 7 protects the people of Tennessee from unreasonable searches and seizures. Section 8 protects them from the deprivation of liberty without due process. Section 15 protects people charged with non-capital offenses from detention without bail. See Tenn. Const. art. I, §§ 7, 8, 15.

In sum, because the allegations in the Complaint "affirmatively show" that any Section 1983 claims are time-barred, and because no claim to damages is properly pursued under the state constitution, this action is appropriately dismissed for failure to state a claim. Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012) (citing Jones v. Bock, 549 U.S. 199, 215 (2007)).

### III. CONCLUSION

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

In light of this disposition, Plaintiff's pending motions (Doc. Nos. 7 and 8) are **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE